ams

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.  97-40065-JAR |
| ) | 05-3277-JAR |
| HOLLIS HENRY SMITH, III, ) | |
| ) | |
| Defendant/Petitioner. ) | |
| ) | |

**ORDER TRANSFERRING MOTION UNDER 28 U.S.C. § 2255, DENYING MOTION TO APPOINT COUNSEL, and DENYING MOTION FOR EXTENSION OF TIME**

Defendant/petitioner Hollis Henry Smith filed a Motion to Vacate under 28 U.S.C. § 2255 (Doc. 95).  Petitioner argues that his sentence should be vacated in light of the Supreme Court's decision in *Blakely v. Washington*,[1] and *United States v. Booker*,[2] which struck down the mandatory nature of the Federal Sentencing Guidelines as incompatible with the Sixth Amendment.  In that motion, he asks the Court to "forward" this motion on to the Tenth Circuit Court of Appeals in the event that the Court determines his motion is a second or successive motion as described in the statute.  Also, if the Court determines his motion is a second or successive motion, he requests appointment of counsel.  Finally, petitioner filed a motion for extension of time to file a memorandum of law in support of his motion to vacate (Doc. 96).

---

[1]  542 U.S.__, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004).

[2]  543 U.S. __,125 S. Ct. 738 , 2005 WL 50108 (2005).

1

**I. Motion to Review Sentence**

Paragraph 8 of section 2255 provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–
> (1) newly discovered evidence . . .; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.[3]

Section 2244 provides, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."[4] Petitioner filed a motion to vacate his sentence under section 2255 on November 10, 2004, which was denied as untimely on November 18, 2004. (Doc. 94.) The Court construes petitioner's instant motion as an unauthorized successive motion under 28 U.S.C. § 2255, as it is his second attempt to file such a motion. As such, the motion should be transferred to the Tenth Circuit Court of Appeals in the interest of justice pursuant to 28 U.S.C. § 1631.[5]

**II. Motion to Appoint Counsel**

Additionally, petitioner's motion for appointment of counsel must be denied. Prisoners do not have "a constitutional right to counsel when mounting collateral attacks upon their convictions."[6]

---

[3] 28 U.S.C. § 2255.

[4] 28 U.S.C. § 2244(b)(3)(A).

[5] *Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997).

[6] *Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S. Ct. 1990, 1993, 95 L. Ed. 2d 539 (1987).

However, Rule 8(c) of the Rules governing section 2255 proceedings permits appointment of counsel "if the interest of justice so requires."[7] The Rule only requires appointment of counsel if an evidentiary hearing on the motion is required.[8] Because this Court currently does not have jurisdiction of the underlying motion in this case and because an evidentiary hearing is not required, the Court finds that the interest of justice does not require appointment of counsel in this case at this time.

Additionally, the Court must deny petitioner's Motion for Extension of Time to File a Memorandum of Law (Doc. 96) because the Court does not have jurisdiction of the underlying motion.

**IT IS THEREFORE ORDERED BY THE COURT** that petitioner's Motion to Vacate under 28 U.S.C. § 2255 (Doc. 95) is **transferred to the Tenth Circuit Court of Appeals** pursuant to 28 U.S.C. § 1631.

**IT IS FURTHER ORDERED BY THE COURT** that the petitioner's Motion for Appointment of Counsel (Doc. 95) is **denied**.

**IT IS FURTHER ORDERED BY THE COURT** that petitioner's Motion for Extension of Time to File a Memorandum of Law (Doc. 96) is **denied**.

IT IS SO ORDERED.

Dated this  28th   day of July 2005.

 **S/ Julie A. Robinson**
 **JULIE A. ROBINSON**
 **UNITED STATES DISTRICT JUDGE**

---

[7] 28 U.S.C. foll. § 2255 R. 8(c).

[8] *Id.*

Order Denying Motion to Vacate, Case number 05-3277